By the Courts Bronson, J.
As I understand this case, the defendants were engaged in the transportation of freight and what were called consignee passengers between the city of New-York and various places at the west, by the way of the Hudson river, the canals and lakes. In the spring of 1839 they entered into an arrangement with the plaintiffs, by which it was mutually agreed, that the defendants should deliver their up freight and passengers to the plaintiffs at Allany, and their down freight at Schenectady—the termini of the rail road —and that the plaintiffs should transport the freight and passengers over their road, and then redeliver them to the defendants, or to the consignees. The contract in respect to the price for transportation, made between the owners of the goods and the defendants, was to govern the compensation of the plaintiffs, and they were to be paid in the proportion that thirty miles bore to the whole distance the goods “ were transported on the canalor rather, in the proportion that thirty miles bore to the whole distance the goods would have been transported on the canal, had the defendants run their boats between Albany and Schenectady, instead of employing the plaintiffs to carry between those places. I am unable to see that this makes out a *164 partnership between these parties. There was no community of interests, or division of the profits of a joint concern between the parties, as there was in the cases to which we are referred. (Champion v. Bostwick, 18 Wend. 175 ; Fromont v. Coupland, 2 Bing. 170 ; Green v. Beesley, 2 Bing. N. C. 108.) The contracts for transportation were all made between the defendants and the owners of the goods. The plaintiffs had no concern, either for profit or loss, with the river, canal or lake transportation j and on the other hand, the defendants had no share, either of profit or loss, in the rail road portion of the transportation. There was no general account of profit and loss upon the whole business to be adjusted between the parties. One party might make a profit by the business, while it proved ruinous to the other. In short, the case comes to this. The defendants having undertaken to perform work and labor for third persons, employ the rail road company to do a part of the "work for them, agreeing that they will pay the company for its services the same price in proportion to distance which the defendants are themselves to receive. I do not see how this makes out a partnership, either as between the parties themselves, or in relation to third persons.
The company was to furnish “ warehouse facilities,” and pay a portion of the expense of offices at each end of the road. But this did not alter the nature of the contract.
As there was no partnership, there could be no difficulty in the way of an action at law to recover the amount due the company
Motion denied.